JOSEPH M. LEGATE *vs.* SAMUEL POTTER & another.

Mortgaged goods were attached by a creditor of the mortgagor, and were sold on the writ, within a week, by consent of the parties to the suit. Before the sale, the mortgagee gave notice of his claim to the officer and creditor, and forbade the sale. The officer replied that he had seen the record of the mortgage, and knew all about it. The mortgagee, about four months afterwards, demanded of the officer and creditor payment of the sum for which the goods were liable to him, and delivered to them a written account of the debt due to him from the mortgagor. On their refusal to pay, he commenced an action of trover against them, which was sustained by the court.

TROVER for a wagon and a hive of bees. The following facts were submitted to the court by the parties :

On the 10th of January, 1840, the property in question was mortgaged to the plaintiff by Thomas Flagg, to secure payment of a note of that date, made to him by the plaintiff, for $20·50, payable " by the first day of July " then next, and the mortgage was duly recorded. On the 5th of February, the defend ant, Potter, a deputy sheriff, attached said property on a writ sued out by Ballard, the other defendant, against said Flagg, and sold the same on the writ by consent of the parties thereto, within a week after the attachment. Before the sale, the plaintiff was informed that the attachment had been made, and gave the defendants notice of his claim, and also, in their presence, forbade the sale. On the 10th of June, and before the commencement of this action, the plaintiff demanded of the defendants payment of his note, and made to them a statement of his demand, in writing. When the plaintiff gave notice of his claim, and forbade the sale, the defendant, Potter, said he had " seen the record of the mortgage, and knew all about it."

A nonsuit or default to be entered, according to the opinion of the court on the foregoing facts.

*Grennell* and *Aiken*, for the plaintiff.

*Wells* and *Davis*, for the defendants.

DEWEY, J. The right to attach the personal property of a debtor, which he has conveyed in mortgage, is conferred by statute, upon the condition that the attaching creditor shall pay

or tender to the mortgagee of the property attached, the amount for which it is liable, within twenty-four hours after the same is demanded. It is also further provided, that the mortgagee, when demanding payment of the money due to him, shall state, in writing, a just and true account of the debt or demand for which the property is liable to him. Rev. Sts. c. 90, §§ 78, 79. As this right of attachment is not connected with a precedent but a subsequent duty to be performed by the attaching creditor, and only upon demand of the mortgagee ; it would seem that if the mortgagee would preserve his lien on the property, he ought, within a reasonable time, to make a demand and give the proper statement of the amount he claims, and if guilty of laches, in this respect, he may lose all the benefits of his mortgage.

The statute has prescribed no time within which the demand shall be made, and the account stated. It was suggested, in the argument for the defendant, that inasmuch as the statute provides that in case of the failure of the attaching creditor to pay the amount of the incumbrance within twenty-four hours after demand of the same, " the attachment shall be dissolved, and the property shall be restored " to the mortgagee, the fair inference is, that the demand must in all cases be made while the property is in the hands of the officer and might be by him restored to the mortgagee. But we think this cannot be the true construction of the statute. Such a rule, if adopted as an inflexible one, would occasionally operate with great injustice to a mortgagee who might have acted in entire good faith, but wholly in ignorance of any attachment of the property. The duty of making the demand before the sale will therefore depend upon the time that elapses between the attachment and the sale, and other circumstances which the case may disclose. The only general rule, therefore, seems to be that of reasonable diligence, on the part of the mortgagee, in asserting his lien and giving the proper notice thereof. (See *Ante*, 294.)

What is reasonable diligence will depend, in some degree, upon the circumstances peculiar to each case. While, on the one hand, early knowledge, on the part of the mortgagee, that

Legate *v.* Potter & another.

the property has been attached, will require more speedy asser·
tion of his rights ; so, on the other hand, if the attaching credi-
tor, or the officer, has, through the mortgagee, though inform-
ally, actual knowledge of the mortgage, and the nature and ex-
tent of the lien acquired thereby, this fact will be entitled to
: ome consideration on the question whether the mortgagee has
lost his lien by unreasonable delay in making that formal demand
and statement of his claim, which the statute requires.

The present case discloses early knowledge of the attach-
ment on the part of the mortgagee, and so far falls within the
rule requiring speedy action by him in disclosing his interest in
the property attached ; and if, with this knowledge, he had
studiously concealed the fact of his mortgage, and had delayed,
for any great length of time, to make a demand and present a
written statement of the amount of his claim ; and if, in the
mean time, the property attached had been sold on execution ;
these facts might constitute a bar to his claim as mortgagee, if
he should subsequently institute a suit to recover damages of the
officer for taking the mortgaged property.

But while the case discloses the mortgagee's knowledge of
the attachment, it also shows substantial notice to the attaching
cfficer, of the plaintiff's lien, before the sale of the property,
and within a week after the attachment.   It appears in the
facts stated by the parties, that before the sale, the plaintiff gave
notice of his claim and forbade the sale, and that, on this occa-
sion, the attaching officer, replied that " he had seen the record
cf the mortgage, and knew all about it." And upon looking at
this mortgage, it seems to be peculiarly a case where such in-
spection of the record could not fail to apprize the party of the
nature of the lien, and the probable amount due thereon ; as it
was a mortgage given to secure the payment of a small note, to
be paid at a time not then elapsed.

We think these acts of the plaintiff, accompanied with knowl-
edge of the mortgage admitted by the officer, are entitled to
great consideration on the question of the mortgagee's laches in
not sooner making that particular and formal demand and state-
ment of the amount for which the property was liable to him,

which the statute requires before the mortgagee can reclaim the property, or demand the value thereof.

In the recent case of *Johnson* v. *Sumner,* (*ante,* 178,) the question as to what may be regarded as a reasonable time for demanding payment of the money due, and stating an account by the mortgagee, was somewhat considered by the court. In that case, there was a delay of thirteen months before the making of a proper demand. But the court held, that although this delay, unaccompanied with any circumstances to account for and excuse it, would be unreasonable, yet it might be explained and excused, and did not necessarily operate to defeat the claim of the mortgagee. The fact was there much relied upon, that " there was an early although informal demand, but sufficient to inform the officer and attaching creditor of the existence of the plaintiff's mortgage, and put them on inquiry."

In the case at bar, the demand, required by the statute, was made a little more than four months after the attachment ; but t had been preceded, at a very early day, by substantial notice of the claim, certainly quite enough to put the other party on inquiry, and to save the mortgagee from the imputation of intentional concealment of his lien. The court are therefore of opinion that the demand was made by the mortgagee within a reasonable time, and that he is entitled to judgment.

*Defendants defaulted*